IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRUZ BAYLON and
MARCIA CARMEN BAYLON,

      Plaintiffs,

v.                                                                                          CV 16-1379 MV/KBM

WELLS FARGO BANK, N.A.; and
MCCARTHY & HOLTHUS, LLP
d/b/a/ MCCARTHY, HOLTHUS &
LEVINE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on McCarthy & Holthus's Motion to Dismiss Plaintiffs' Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Applicable Statutes of Limitation [Doc. 7], Wells Fargo Bank, N.A.'s Motion to Dismiss [Doc. 8], and Motion to Strike Plaintiffs' Notice of Supplemental Authorities [Doc. 25]. The Court, having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that the motions are not well-taken and will be denied.

### BACKGROUND

On or about May 30, 2007, Plaintiff Cruz Baylon signed a promissory note (the "Note") with a principal amount of $132,300, due to Accredited Home Lenders, Inc., for a home located at 202 Yucca Drive NW, Albuquerque, New Mexico. *See Baylon v. Wells Fargo Bank, N.A., et al.*, U.S.D.C., No. 12-cv-52 (KG/KK) ("2012 Action"), Doc. 120, Ex. A. On the same day, Cruz and Maria Carmen Baylon secured the Note by executing a mortgage encumbering the home. Id., Doc. 120, Ex. B. The Note and mortgage were later assigned to Wells Fargo on

1

September 10, 2007. Id., Doc. 120, Ex. G. Beginning in May 2009, Plaintiffs stopped making payments on their mortgage. Id., Doc. 120, Ex. C. On January 25, 2010, Plaintiffs received a Chapter 7 bankruptcy discharge. Id., Doc. 120, Ex. D.

On August 24, 2011, Wells Fargo, through its foreclosure counsel McCarthy & Holthus, LLP ("McCarthy"), filed a foreclosure complaint against Plaintiffs in New Mexico state court. Id., Doc. 120, Ex. E. On March 22, 2012, Plaintiffs and Wells Fargo agreed to a stipulated judgment as to the foreclosure complaint, which was entered on April 3, 2012. Id., Doc. 120, Ex. C.

On January 18, 2012, Plaintiffs commenced an action against Wells Fargo and McCarthy in this Court ("2012 Action"), alleging violations of the Federal Debt Collection Practices Act ("FDCPA") and the New Mexico Unfair Practices Act ("UPA"), and claims for tortious debt collection. Id., Doc. 1. On October 30, 2015, the Court entered a Memorandum Opinion and Order and a Final Judgment. Id., Docs. 259, 260. The Court dismissed with prejudice Plaintiffs' FDCPA claim and, declining to exercise supplemental jurisdiction, dismissed Plaintiffs' state law claims without prejudice. Id.

On November 8, 2016, Plaintiffs commenced the instant action against Wells Fargo and McCarthy in the Second Judicial District Court of New Mexico, County of Bernalillo. Doc. 1-1. On December 19, 2016, Wells Fargo removed the action to this Court on the basis of diversity jurisdiction. Doc. 1. In the Complaint, Plaintiffs allege, as they did in the 2012 Action, that Wells Fargo and McCarthy violated the UPA and engaged in tortious debt collection. Doc. 1-1. Plaintiffs' allegations that Defendants attempted to collect on their debt, despite the fact that Plaintiffs' debt was previously discharged in bankruptcy, form the basis of their claims for relief. Id. Specifically, Plaintiffs allege that Wells Fargo placed illegal

collection calls to them between September 2010 and May 2011, and engaged in other illegal collection activity through August 2011, culminating in the commencement of the foreclosure action on August 24, 2011.  Id.  Plaintiffs further allege that McCarthy misrepresented the character of Plaintiffs' mortgage debt in a reinstatement letter sent on May 14, 2011, and in the foreclosure complaint filed on August 24, 2011.  Id.

Wells Fargo and McCarthy each filed a motion to dismiss this action for failure to state a claim upon which relief can be granted, similarly arguing that the applicable statutes of limitations bar Plaintiffs' suit.  Plaintiff filed a response in opposition to each motion. Thereafter, Plaintiff filed a Notice of Supplemental Authorities, which McCarthy has moved to strike.

## LEGAL STANDARD

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss when the dates given in the complaint make clear that the right sued upon has been extinguished."  *Cosgrove v. Kan. Dep't of Soc. & Rehab. Servs.*, 332 F. App'x 463 (10th Cir. 2009) (citation omitted).

"The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

3

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

The Court in *Iqbal* identified "two working principles" in the context of a motion to dismiss. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *see Twombly*, 550 U.S. at 570 (holding that a plaintiff must "nudge" her claims "across the line from conceivable to plausible"). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (citation omitted).

In keeping with these two principles, the Court explained,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Id.* at 679.

4

**DISCUSSION**

In their motions to dismiss, Defendants argue that Plaintiffs' claims are time-barred. The Complaint alleges that Wells Fargo placed illegal collection calls to them between September 2010 and May 2011, and engaged in other illegal collection activity through August 2011, culminating in the commencement of the foreclosure action on August 24, 2011. The Complaint further alleges that McCarthy misrepresented the character of Plaintiffs' mortgage debt in a reinstatement letter sent on May 14, 2011, and in the foreclosure complaint filed on August 24, 2011. Id. Thus, the misconduct alleged in the Complaint last occurred on August 24, 2011. Plaintiffs commenced the instant action on November 8, 2016. Defendants argue that Plaintiffs' time to commence an action based on the misconduct alleged in the Complaint expired before that commencement date.

In support of their argument, Defendants contend that because the UPA does not contain a specific statute of limitations, Plaintiffs' UPA claims are subject to New Mexico's four-year statute of limitations for "other unspecified actions," NMSA 1978, § 37-1-4. Further, Wells Fargo argues that Plaintiffs' tortious debt collection claims are subject to the same four-year statute of limitations. McCarthy argues that Plaintiffs' tortious debt collection claims are subject either to the three-year statute of limitations applicable to claims of injuries to person or reputation, NMSA 1978, § 37-1-8, or the four-year statute of limitations for other unspecified actions, § 37-1-4. Plaintiff does not appear to contest that their claims are subject to either these three- or four-year statutes of limitations.

Defendants acknowledge that Plaintiffs timely commenced the 2012 Action within the applicable limitations periods, but argue that, once Plaintiffs' state law claims were dismissed in that action on October 30, 2015, the applicable limitations periods had already run.

5

Accordingly, Defendants contend, Plaintiffs had no more than six months from the date of dismissal of the 2012 Action to refile their claims under the New Mexico "savings statute," which provides that, "[i]f, after the commencement of an action, the plaintiff fails therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall . . . be deemed a continuation of the first." NMSA 1978, § 37-1-14. Under this provision, Defendants contend, in order for the instant action to be deemed a continuation of the 2012 Action and thus be timely, Plaintiffs were required to file their Complaint no later than thirty days after October 30, 2015. Because Plaintiffs did not do this, Defendants conclude, the instant action is time-barred.

Defendants' conclusion necessarily presupposes that, during the period in which the 2012 Action was pending, the applicable statutes of limitations were not held in abeyance. In reaching their conclusion, Defendants rely on *King v. Lujan*, in which the New Mexico Supreme Court decided the issue of "whether the statute of limitations is tolled by a suit which is dismissed without prejudice, or whether [the court] treat[s] a dismissal without prejudice as actually leaving the situation as though suit had never been brought and the statute of limitations never tolled." 646 P.2d 1243, 1244 (1982). The court adopted the latter approach, holding that "a dismissal without prejudice operates to leave the parties as if no action had been brought at all." *Id.* at 1244-45. As a result, the court explained, "following such dismissal the statute of limitations is deemed not to have been suspended during the period in which the suit was pending." *Id.* at 1245.

As Plaintiffs correctly note in their Notice of Supplemental Authorities, however, in the recent decision of *Artis v. District of Columbia*, the United States Supreme Court specifically held that, under the Supplemental Jurisdiction Statute, 28 U.S.C. § 1367, the state limitations

6

period is suspended during the pendency of a federal suit. 138 S. Ct. 594 (2018). Section 1376(d), which addresses the issue of the time within which supplemental state law claims dismissed without prejudice by a federal court may be refiled in state court, provides:

> The period of limitations for any [state] claim [joined with a claim within federal-court competence] shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(d). The specific question presented to the Court was whether "the word 'tolled' as used in § 1367(d) means the state limitations period is suspended during the pendency of the federal suit," or whether "'tolled' means that, although the state limitations period continues to run, a plaintiff is accorded a grace period of 30 days to refile in state court post dismissal of the federal case." *Id.* at 598. The *Artis* Court adopted the "first, or stop-the-clock, reading," holding "that § 1367(d)'s instruction to 'toll' a state limitations period means to hold it in abeyance, *i.e.*, to stop the clock." *Id.* Because the D.C. Court of Appeals had "held that § 1367(d) did not stop the D.C. Code's limitations clock, but merely provided a 30-day grace period for refiling in D.C. Superior Court," the Supreme Court reversed the D.C. Court of Appeals' judgment and remanded the case for further proceedings not inconsistent with the Supreme Court's opinion. *Id.* at 598, 608.

*Artis* is squarely on point here. Defendants' motions to dismiss turn on the question of whether the applicable New Mexico statutes of limitations on their UPA and tortious debt collections claims were suspended during the pendency of the 2012 Action. Under *Artis*, the answer to this question is clear and unequivocal: § 1367(d) operated to stop the New Mexico limitations clock until this Court's dismissal of Plaintiffs' state law claims on October 30, 2015. Accordingly, Plaintiffs' commencement of the instant action on November 8, 2016 was within the applicable three- and four-year limitations periods, and thus was timely.

Wells Fargo and McCarthy acknowledge the holding in *Artis*, but each argues, for different reasons, that the Court should not apply *Artis* in deciding their motions to dismiss. Neither of their arguments is availing.

Specifically, McCarthy argues that because Plaintiffs did not initially argue in their response in opposition to McCarthy's motion that their state law claims were tolled under § 1367(d), they waived any argument under that provision. For this reason, McCarthy argues, Plaintiffs' Notice of Supplemental Authorities should be stricken, and the Court should simply ignore § 1367(d) and *Artis* in reaching its decision. McCarthy's argument misapprehends the role of this Court in deciding the issues before it. Regardless of whether a party finds and cites to relevant authority, this Court has an independent duty to research and properly apply the law. Section 1367(d) and the Supreme Court's interpretation of that provision are controlling here. Accordingly, the Court declines McCarthy's invitation to eschew not only a federal statute but also Supreme Court precedent in reaching its decision.

Next, Wells Fargo argues that applying *Artis* here would require the Court to improperly give retroactive effect to a closed case. The issue of whether Plaintiffs' instant action is time-barred, however, concerns the instant, *open* case, not, as Wells Fargo seems to suggest, the closed, 2012 Action. Indeed, the issue before the Court – whether the instant action is timely – is precisely the issue that was before the Court in *Artis*. And in *Artis*, the Court remanded the case for the lower courts to apply its holding to the parties before it. The Supreme Court has made clear that where, as in *Artis*, it "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or poste date [the Supreme Court's] announcement of the rule." *Harper v. Virginia Dep't of Tax.*,
8

509 U.S. 86, 97 (1993). Thus, the rule articulated in *Artis* – that § 1367(d) holds in abeyance the state statute of limitations – is the controlling interpretation of § 1367(d) and must be given full retroactive effect in the instant case – which is still open – as to all events – including the dismissal of the 2012 Action and Plaintiffs' refiling of their state law claims – regardless of whether those events predate or postdate the Supreme Court's announcement of the rule regarding § 1367(d).

## CONCLUSION

Because § 1367(d) operated to stop the New Mexico limitations clock until this Court's dismissal of Plaintiffs' state law claims on October 30, 2015, Plaintiffs' refiling of those claims in the instant action on November 8, 2016 was within the applicable three- and four-year limitations periods. Defendants thus have failed to demonstrate that the dates given in Plaintiffs' Complaint make clear that the rights sued upon have been extinguished. Accordingly, Defendants have provided the Court with no valid basis to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. Further, McCarthy has provided the Court with no valid basis to strike Plaintiffs' Notice of Supplemental Authorities.

**IT IS THEREFORE ORDERED** that McCarthy & Holthus's Motion to Dismiss Plaintiffs' Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Applicable Statutes of Limitation [Doc. 7], Wells Fargo Bank, N.A.'s Motion to Dismiss [Doc. 8], and Motion to Strike Plaintiffs' Notice of Supplemental Authorities [Doc. 25] are **DENIED**.

DATED this 29th day of March 2018.

_____
MARTHA VAZQUEZ
United States District Judge